TJW – CUM–2/25/2010

State v. Lewis, CR-09-9862 (Superior Ct. Cumberland)

Counsel for defendant Michael Lewis has objected to the court's imposition of a bail condition requiring Lewis to refrain from possession and use of alcohol and illegal drugs and requiring him to submit to random searches and tests for alcohol and illegal drugs. At the arraignment, counsel directed the court's attention to the Ninth Circuit's 2006 decision in United States v. Scott, 450 F.3d 863 (9th Cir. 2006). The court imposed the bail conditions that Lewis objected to but advised counsel it would reconsider its ruling if persuaded to do so after reviewing the Scott case and other pertinent authority.

The court adheres to its original ruling.

First, Scott is a controversial ruling by the Ninth Circuit[1] that has not been followed, as far as the court can tell, by other federal appeals courts. The governing authority in Maine remains State v. Ullring, 1999 ME 183, 741 A.2d 1065, which upheld the imposition of random search and testing conditions.

Second, the ruling in Ullring has been strengthened since that decision was issued by amendments to the Maine Bail Code that specify that pre-conviction bail conditions are designed not just to ensure the appearance of the defendant and the integrity of the judicial process but also "to ensure that the defendant will refrain from any new criminal conduct" and "to ensure the safety of others in the community." 15 M.R.S. § 1026(3)(A)(18). Accord, 15 M.R.S. §§ 1002, 1026(3)(A), 1016(3)(A)(11). Requiring defendants (particularly in a case such as this one, where Lewis is charged with OUI) to refrain from alcohol and illegal drugs and subjecting them to conditions designed to enforce those prohibitions are quintessential examples of measures designed to prevent new criminal conduct and to protect others in the community.

Although the court in Ullring noted that the defendant in that case had not objected to the random search and test condition (in contrast to Lewis, who has objected in the case at bar), the court does not find that to be controlling. If random search and testing conditions could only be imposed when the defendant did not object to those conditions, the result would be that the defendant – not the court – would be the final authority with respect to bail conditions. This is contrary to the Bail Code. It would also be essentially unworkable. As the Law Court pointed out in Ullring, if the court has the power to order Lewis to refrain from the use of alcohol and illegal drugs, it must have the power to enforce its order through alcohol and drug testing. 1999 ME 183 ¶¶ 17-18, 741 A.2d at 1070.

That does not mean that alcohol and drug conditions can or should be imposed in every case. The defendant's history here, however, justifies such conditions. In this case Lewis is charged with driving under the influence of intoxicants, presumably drugs since there is no reference to alcohol in the complaint.[2] A review of his criminal

---

[1] After the Scott decision was rendered, seven Ninth Circuit judges dissented from the denial of a request for rehearing en banc.

[2] Originally he was also arrested for Aggravated Trafficking in Scheduled Drugs and Unlawful Furnishing of Unlawful Drugs but the District Attorney's office chose not to charge him with those offenses.

1

history shows (1) that Lewis was convicted in 2006 of possession of cocaine on or about February 16, 2006; (2) that he was convicted in 2006 of a bail violation "by using and/or possessing illegal drugs and/or not submitting to a chemical test and/or a search of his person" on or about July 31, 2006, (3) that he was convicted in 2008 of a bail violation "by using and/or possessing alcoholic beverages" on or about September 14, 2008; and that he was convicted in 2008 of three additional bail violations for, inter alia, "using and/or possessing illegal drugs and/or refusing to submit to a chemical test to determine the presence of illegal drugs" on or about December 4, 2008 in each case.[3] In the latter case he was also convicted of driving to endanger, dropped down from an original OUI charge that included an alleged refusal.

Lewis, who is 23 years old, also has six other misdemeanor convictions, including one other bail violation conviction in 2006 that does not on the face of the complaint indicate any connection to drugs or alcohol.

Given the above history and the pending charge, the court concludes that a condition requiring Lewis to refrain from use or possession of alcohol and drugs and subjecting him to a condition of random search and testing is reasonable and called for to prevent any new criminal conduct and to protect others in the community.

Defendant's motion to reconsider the imposition of bail conditions requiring random search and testing is denied.

Dated: February 2⁴, 2010

_____
Thomas D. Warren
Justice, Superior Court

---

[3] Cumberland Superior Ct. docket No. CR-06-1655, CR-06-2464, CR-08-6515, CR-08-3668.

2

STATE OF MAINE
  vs
MICHAEL J LEWIS
70 BARTLEY AVENUE
PORTLAND ME 04103

Docket No   CUMCD-CR-2009-09862

**DOCKET RECORD**

DOB: 01/06/1987
Attorney: THOMAS HALLETT
          THOMAS F HALLETT LAW OFFICES   PA
          75 MARKET STREET SUITE 502
          PO BOX 7508
          PORTLAND ME 04112
          RETAINED 12/24/2009

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

1   OPERATING UNDER THE INFLUENCE                12/19/2009 WESTBROOK
Seq 11493 29-A  2411(1-A)(A)          Class D
  CLOSE                  / WES

## Docket Events:

12/23/2009 FILING DOCUMENT -  CASH BAIL BOND FILED ON 12/22/2009

12/23/2009 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 12/22/2009

          Bail Receipt Type: CR
          Bail Amt:  $5,000
                                   Receipt Type: CK
          Date Bailed: 12/19/2009    Prvdr Name: BARBARA   LEWIS
                                   Rtrn Name: BARBARA   LEWIS
          988/3RD PARTY DOB 9-8-51
          BAIL DISBURSEMENT ON 02/23/2010
          Check No. 2245   Check Amount:  4,250.00
          Paid To: BARBARA  LEWIS
          FORWARDED TO BAIL PROVIDER

12/24/2009 Party(s):  MICHAEL J LEWIS
          ATTORNEY -  RETAINED ENTERED ON 12/24/2009

          Attorney:  THOMAS HALLETT
02/10/2010 BAIL BOND -  CASH BAIL BOND HOLD FOR OTHER COURT ON 02/10/2010

          BAIL IS CONCURRENT TO CUMCDCR201000807 HAVING BAIL ID AEE976
          Date Bailed: 12/19/2009
          988/3RD PARTY DOB 9-8-51
          BAIL DISBURSEMENT ON 02/23/2010
          Check No. 2245   Check Amount:  4,250.00
          Paid To: BARBARA  LEWIS
          FORWARDED TO BAIL PROVIDER

02/22/2010 Charge(s): 1,2,3
          HEARING -  ARRAIGNMENT SCHEDULED FOR 02/23/2010 @ 8:30 in Room No.  1

02/22/2010 Charge(s): 1

SUPPLEMENTAL FILING - COMPLAINT FILED ON 01/29/2010
JAMES TURCOTTE , ASSISTANT CLERK
02/25/2010 Charge(s): 1,2,3
HEARING - ARRAIGNMENT HELD ON 02/23/2010 @ 8:30 in Room No. 1
THOMAS D WARREN , JUSTICE
Attorney: THOMAS HALLETT
DA: MICHAEL MADIGAN
DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS
02/25/2010 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 02/23/2010 @ 8:30 in Room No. 1
THOMAS D WARREN , JUSTICE
Attorney: THOMAS HALLETT
DA: MICHAEL MADIGAN
02/25/2010 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 05/20/2010 in Room No. 7

02/25/2010 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 06/28/2010 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
03/01/2010 ORDER - COURT ORDER ENTERED ON 02/24/2010
THOMAS D WARREN , JUSTICE
GIVEN THE ABOVE HISTORY AND THE PENDING CHARGE, THE COURT CONCLUDES THAT A CONDITION
REQUIRING LEWIS TO REFRAIN FROM USE OR POSSESSION OF ALCOHOL AND DRUGS AND SUBJECTING HIM
TO A CONDITION OF RANDOM SEARCH AND TESTING IS REASONABLE AND CALLED FOR TO PREVNT ANY NEW
CRIMINAL CONDUCT AND TO PROTECT OTHERS IN THE COMMUNITY. DEFENDANT'S MOTION TO RECONSIDER
THE IMPOSITION OF BAIL CONDITIONS REQUIRING RANDOM SEARCH AND TESTING IS DENIED

A TRUE COPY
ATTEST: _____
                    Clerk